**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 02-51329
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL LATRELL JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(MO-01-CR-143-2)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Samuel Latrell Johnson appeals his jury trial conviction for conspiracy to possess with the intent to distribute and possession with the intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. He challenges the admission of testimony by the cooperating co-defendant, Heath, that for several years prior to the events giving rise to the indictment, Johnson and Heath were partners in crack-trafficking.

We review the admission of evidence for abuse of discretion. *United States v. Royal*, 972 F.2d 643, 645 (5th Cir. 1992). Johnson

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the district court abused its discretion by admitting the evidence under FED. R. EVID. 403. Johnson further contends that the testimony was inadmissible because it constituted extrinsic evidence of extraneous offenses. Johnson cites cases which involved the application of FED. R. EVID. 404(b).

Heath's testimony concerning his drug-trafficking partnership with Johnson was intrinsic background information which established their relationship as co-conspirators. *See* **United States v. Miranda**, 248 F.3d 434, 440-41 (5th Cir. 2001); **United States v. Krout**, 66 F.3d 1420, 1431 (5th Cir. 1995). Accordingly, the admission of this testimony was not an abuse of discretion.

**AFFIRMED**